that it was for the jury to decide whether the defendant was negligent, and also whether the deceased was guilty of contributory negligence. Judgment and order affirmed, with costs.

---

### HAYDEN v. BANK OF SYRACUSE et al.

*(Supreme Court, General Term, Fourth Department. February 20, 1891.)*

BANKS—EXPIRATION OF CHARTER—ACTIONS.

> Where a state bank, on a proper application made by it, is duly changed into a national bank, whereby it surrenders its charter as a state bank, (Laws N. Y. 1865, c. 97; Laws 1882, c. 409, § 168,) and the period during which it may do business as a national bank, as prescribed by the certificate issued by the comptroller of the currency, has expired, its corporate existence, both as a state bank and as a national bank, is at end, and the authority of the cashier thereof is terminated, and service of summons on such cashier in an action against the two banks will be set aside as to each defendant.

Appeal from special term, Onondaga county.

Action by Daniel E. Hayden against the Bank of Syracuse and the Syracuse National Bank. Service of summons on one Orrin Ballard as the cashier of defendants was set aside by Mr. Justice KENNEDY, who filed the following opinion: "The defendant the Bank of Syracuse was in 1865, and had been for many years previous thereto, a state institution, chartered and organized under and in pursuance of the laws of New York. On the 24th day of June, 1865, upon proper legal application made by it, the said Bank of Syracuse was legally changed into the Syracuse National Bank, under and in pursuance of chapter 97 of the Laws of 1865, and the several acts of congress relating thereto; and the comptroller of the currency of the United States issued to it the proper certificate, and it was thereupon duly changed from a state bank to an association for carrying on the business of banking under the laws of congress. This action on the part of the Bank of Syracuse operated as a surrender of its charter, and its existence as a corporation ceased, except that it was continued a body corporate for three years thereafter for the purpose of closing its business. 2 Rev. St. (8th Ed.) 1551, § 168.[1] The Bank of Syracuse having ceased to exist as a corporation for any purpose many years prior to the service of the summons and complaint herein on Orrin Ballard, such service did not operate as a revival of the institution, nor was Ballard an officer of it at that time. So far as the Bank of Syracuse is concerned, therefore, the service of the summons and complaint on Ballard is set aside. *Claflin* v. *Bank,* 54 Barb. 228. About the 24th day of June, 1865, the said Syracuse National Bank was organized as a national association, the said Bank of Syracuse being then changed into it, pursuant to the provisions of chapter 97 of the Laws of 1865, before cited, and continued to do a banking business down to about the 24th day of October, 1875, when, by proper legal action taken, it went into voluntary liquidation, and took the requisite steps to redeem its circulation, dispose of its property, pay its debts, and generally to close its business. It then ceased to do business and has done none since. This action on its part did not effect its dissolution or terminate its corporate existence. I think it could have been sued after that, and a judgment obtained, at any time during its charter life. *National Bank* v. *Insurance Co.,* 104 U. S. 54. The defendant the Syracuse National Bank derived its corporate existence under the laws of congress, pursuant to the provision of chapter 1 of title 62 of the United States Statutes, and such corporate existence was limited to 20 years from the time of its charter. Section 5136, subd. 2. It was chartered, and its corporate life commenced, on the 24th day of June, 1865, and expired by limitation on the 24th day of June, 1885; and it then, by operation of law, ceased to exist as a corporation.

---

[1] Laws N. Y. 1882, c. 409.

The documentary evidence necessary to establish the foregoing facts is not before me, but they are regarded as admitted by the complaint and other papers in the case. Regarding a corporation as a person, as we must, the Syracuse National Bank died on the expiration of the time for which it was chartered, and could no more be sued or a judgment obtained against it than against a deceased individual. *McCulloch* v. *Norwood*, 58 N.Y. 562; *Sturges* v. *Vanderbilt*, 73 N. Y. 384. The cashier or other officer of a banking association is simply its agent, and, if continued down to the time of expiration of the corporate existence of the principal, upon the happening of that event such agency terminates, and they are no longer representatives of the defunct concern. If right in the foregoing conclusions, Orrin Ballard, upon whom the service of the summons and complaint was made, was not in any sense cashier of the defendants, nor did he hold any other official position in either; and, as neither had legal existence at that time, no action could be commenced or judgment obtained against it in its corporate character. The case of *National Bank* v. *Insurance Co.*, *supra*, referred to by the plaintiff's counsel, asserts no principle adverse to the above position. That was a case where the corporation went into voluntary liquidation during the continuance of its chartered life. This did not operate to dissolve it or terminate its corporate existence; that continuing, it may sue and be sued; but upon its termination no action can be maintained against it unless by some express provision of law. My attention has not been called to any applicable to the case in hand. It follows that the motion as to both defendants should be granted. Motion granted, with ten dollars costs to defendants." Plaintiff appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*T. J. Fuller*, for appellant. *C. H. Lewis*, for respondents.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the opinion of KENNEDY, J., delivered at special term.

---

### MARTIN *v.* PLATT *et al.*

(*Supreme Court, Special Term, New York County.* February, 1891.)

1. NEW TRIAL—WHEN MADE—EXPIRATION OF TIME TO APPEAL.
    A motion for a new trial on the ground that the verdict of the jury was contrary to the evidence, being authorized by Code Civil Proc. N. Y. § 1006, without specification as to the time within which it should be made, may be made after the expiration of the time for an appeal.

2. APPEAL—DECISION—EFFECT ON SECOND HEARING.
    On the trial of a cause, the question whether the demand sued on was barred by limitation was submitted to the judge by the parties, and exceptions to his finding thereon were overruled by the general term. *Held*, that such questions could not be again raised on an application to set aside the verdict of the jury as against the weight of evidence, where no question as to the statute of limitations was presented to the jury.

Action by Howard A. Martin against Spencer E. Platt and others, as executors of William H. Platt, deceased, for services as an accountant. Defendants denied that they had employed plaintiff, or had authorized their attorney to employ him, as such accountant. There was a verdict for plaintiff, and defendants move for a new trial. For former reports see 4 N. Y. Supp. 359; 5 N. Y. Supp. 862; 7 N. Y. Supp. 950; 8 N. Y. Supp. 932.

*Edward C. Clinch* and *George C. Coffin*, for plaintiff. *William J. Wilson*, for defendants.

INGRAHAM, J. This action was tried at circuit before Mr. Justice ANDREWS and a jury. One question of fact was submitted to the jury, and that question was decided adversely to the defendants. After the verdict of the